**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES HEAD,

Defendant - Appellant.

No. 23-831

D.C. No. 2:08-cr-00093-KJM-AC-1

MEMORANDUM*

---

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 21, 2024**

Before:     FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Charles Head appeals pro se from the district court's order denying his motion to modify his restitution order under 18 U.S.C. § 3664(k). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Head contends his restitution order is internally inconsistent because it

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

requires restitution to be paid both in an immediate lump sum and under a repayment schedule, in violation of *United States v. Holden*, 908 F.3d 395, 403-04 (9th Cir. 2018). This claim is not properly before us because he raises it for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). In any event, the record demonstrates that the judgment requires restitution payments to begin immediately pursuant to a repayment schedule and does not require an immediate lump sum payment of the entire amount owed.

Head also contends the district court erred by failing to consider his changed financial circumstances when it denied his motion. The district court's order makes clear that it understood Head's claims and did not abuse its discretion in concluding they did not warrant revising his restitution order. *See United States v. Lillard*, 935 F.3d 827, 833 (9th Cir. 2019) ("[Section] 3664(k) grants the district court discretion in addressing a defendant's changed economic circumstances.").

**AFFIRMED.**